Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2619 | **DATE** | 8/9/2004 |
| **CASE TITLE** | Axelrod vs. Officer A. Mercado, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER. Defendants' motion for summary judgment is granted in part and denied in part.  Status hearing set for 08/25/04 at 11:00am.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 42 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 2004 AUG -9 PM 5:42 | date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT R. AXELROD, )
)
Plaintiff, )
) No. 02 C 2619
v. )
) Judge George M. Marovich
)
OFFICER A. MERCADO, star #16885 )
and OFFICER FLORES, star #10894, )
)
Defendants. )

DOCKETED
AUG 10 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott R. Axelrod ("Axelrod") filed a Complaint against Officer A. Mercado ("Mercado") and Officer Flores ("Flores") ("collectively Defendants") alleging unlawful seizure pursuant to federal law (Count I); false arrest pursuant to state law (Count II); false imprisonment pursuant to state law (Count III); malicious prosecution pursuant to state law (Count IV); and malicious prosecution pursuant to federal law (Count V). Axelrod voluntarily dismissed Counts II and III. Mercado and Flores now seek summary judgment on Counts I, IV, and V. For the reasons set forth below, Defendants' Motion for Summary Judgment is granted in part and denied in part.

## BACKGROUND

On April 19, 2000, Axelrod was traveling back from a business trip in Michigan on the Chicago Skyway. There was no one else on the road and he claims that his cruise control was set at 75 mph. (Pl.'s Dep. at 131-32.) While nearing the toll plaza, Axelrod passed a Chicago police vehicle which pulled out and proceeded with lights and no siren behind Axelrod. When

the police car pulled behind him, Axelrod claims that he tapped his breaks to deactivate the cruise control. (Pl.'s Dep. at 143.) Mercado, the officer following Axelrod, flashed his spotlight on Axelrod's car and Axelrod took it as an indication to move over. These events all occurred within a matter of seconds. After Axelrod pulled over and came to a stop, Mercado approached Axelrod's vehicle and asked for his drivers license and proof of insurance. Axelrod asked Mercado if the speed limit was 55 mph and Mercado responded that because it was a construction zone, it was reduced to 45 mph. After Axelrod gave Mercado his licensee and insurance, he asked Mercado if he could only write the ticket for 20 over because he believed 30 over the speed limit might jeopardize his employment. Mercado used abrasive language in response to Axelrod's request. Axelrod then inquired about the use of profanity and asked for Mercado's supervisor's name and star number. In response, Mercado told Axelrod if he said one more word, he would be placed under arrest. Axelrod then asked what he would be arrested for and Mercado ordered him out of the car and placed him under arrest. Mercado said that Axelrod was being arrested for disorderly conduct. Axelrod was then placed in Mercado's vehicle and he claims that Mercado showed him the radar that read 75 mph. (Pl.'s 56.1 Stmt ¶ 20.)

When they arrived at the police station, Axelrod was handcuffed to the bench while Mercado prepared paperwork. Flores arrived in the room and had a conversation with Mercado in the hallway outside the room where Axelrod remained. Flores told Mercado that under a new law, a person could be charged with a misdemeanor if they were speeding in excess of 40 miles or more over the speed limit. Flores stated that the new Illinois Statute, 625 Il Comp. Stat. 5/11-601.5, had gone into effect in January 2000. (Pl.'s 56.1 Stmt ¶ 26.) Then, Flores suggested to

Mercado that he charge Axelrod with fleeing and alluding. (Pl.'s 56.1 Stmt ¶ 17.) When Axelrod was released he was given no paperwork until he asked the sergeant to make photocopies of the ticket so he would know what the charges were. Axelrod's ticket was for: (1) driving 85 mph in a 45 mph zone; 625 Il Comp. Stat. 5/11-601.5, (2) not wearing his seatbelt, 625 Il. Comp. Stat. 5/12-603.1; (3) failure to keep in lanes, 625 Il. Comp. Stat. 5/9-12-050 B; and (4) alluding and fleeing the police, 625 Il. Comp. Stat. 5/11-204.1. (Pl.'s 56.1 Stmt ¶ 30.) Driving 40 miles over the speed limit is a Class A misdemeanor and is punishable by up to one year in the county jail and a $1000.00 fine. (Pl.'s 56.1 Stmt ¶ 32.) Axelrod alleges that the ticket issued by Mercado checked the box for 20-30 mph over the speed limit. Axelrod also contends that Mercado changed the 75 mph box to 85 mph by writing over the 7 to make it an 8. Axelrod alleges that the 8 written over the 7 is different from all other 8s on the ticket. (Pl.'s 56.1 Stmt ¶ 33.) Mercado claims that he wrote 85 and did not change any numbers. Mercado also testified at trial and at his deposition that he checked the box marked "20-30 mph over limit" by accident. (Pl.'s 56.1 Stmt. ¶ 34.) On May 31, 2001, a jury found Axelrod not guilty of all charges against him. (Df.'s 56.1 Stmt ¶ 6.)

## DISCUSSION

I. Standard for Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). When making such a determination, the court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v.

3

Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); See also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II.     Federal Malicious Prosecution Claim

As to Count V, Defendants note that a federal action for malicious prosecution will not lie so long as there is a state law tort for malicious prosecution available to the plaintiff. Newsome v. McCabe, 256 F.3d 747, 751 (7th Circuit, 2001). "Relabeling a claim as 'malicious prosecution' would not extend the statute of limitations and if a plaintiff can establish a violation there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution'." Id. at 751. Axelrod's claim that there is an exception for a viable federal claim akin to malicious prosecution depending on the facts and circumstances of the case is correct. Id. However, Axelrod's comparison of the Newsome facts (where police withheld exculpatory evidence from prosecutors) to this case is completely untenable. Id. Defendants are correct in asserting that Newsome states that a narrow constitutional claim for violation of due process under limited circumstances may be preserved, but that Axelrod did not allege such a claim in his Complaint and that there is an Illinois tort of malicious prosecution available to him. Therefore, Defendants' Motion for Summary Judgment is granted as to Count V.

III.    Federal Unlawful Seizure and State Malicious Prosecution Claims

Summary Judgment must be denied for Count I because there are genuine issues regarding the material facts. The Fourth Amendment says that the "right of the people to be

4

secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violates." U.S. Const., Amdt. 4. The "central requirement" of the Fourth Amendment is one of reasonableness. Texas v. Brown, 460 U.S. 730, 739 (1983). "[N]onetheless... there are exceptions to the warrant requirement. When faced with special law enforcement needs diminished expectations of privacy, minimal intrusions, or the like, the court has found that certain general, or individual, circumstances may render a warrantless search or seizure reasonable." Pennsylvania v. Labron, 518 U.S. 938, 940-41 (1996). The primary controversial material fact is whether Mercado used radar to determine Axelrod's speed. In Mercado's deposition, Mercado stated that he did not use radar to gauge Axelrod's speed. (Def. Dep. p. 2, ln. 22). However in Axelrod's deposition, he stated that when he was handcuffed and put in the police car, Mercado showed him the radar gun that read 75 miles per hour. (Pl. Dep. p.165, ln. 21-24). The next material fact over which the parties disagree is whether the ticket was changed by Mercado to indicate that Axelrod was driving 85 miles per hour instead of 75 miles per hour, like Axelrod alleged. (Pl. fact par. 33). Mercado stated in his deposition that he originally wrote on the ticket that Axelrod was traveling 85 miles per hour. (Df. Dep p.108 ln 6). Because the question of whether Mercado had probable cause to pull over or arrest Axelrod depends on the resolution of these factual disputes, summary judgment for Count I is denied.

Summary judgment must also be denied for the Count IV State Malicious Prosecution claim. In order to sustain a claim for malicious prosecution based on a prior criminal prosecution, a plaintiff must show: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendants; (2) a termination of proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and

5

(5) damages resulting to the plaintiff. Zwick v. Liautaud, 662 N.E.2d 1238, 1242 (Ill. 1996). Although, the parties disagree on what type of damages are stated in the elements of malicious prosecution set out by Zwick, the dispute is premature. Since the absence of probable cause is again an element of the cause of action, summary judgment must be denied based on the existence of the issues of materials discussed above. Thus, summary judgment is denied as to Count IV.

IV. Qualified Immunity

Defendants' claim of qualified immunity against all of Axelrod's claims is an issue of law to be decided by the court. "The issue of qualified immunity is a question of law for the court to decide." Alvarado v. Picur, 859 F.2d 448, 450 (7th Cir. 1988). "Once a defendant has pleaded qualified immunity, the plaintiff has the burden to demonstrate the existence of a clearly constitutionally established right." Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1174 (7th Cir. 1997). If the officer makes a reasonable mistake as to what the law requires, he is entitled to qualified immunity. Saucier v. Katz, 121 S.Ct. 2151, 2156 (2001). Furthermore, the inquiry into qualified immunity should use the objective standard to look at an officer's reasonableness in the situation he confronted. Id. "Qualified immunity shields law enforcement officers from §1983 liability if either the federal law (they are) asserted to have breached was not clearly established at the time of the alleged violation or there exists no dispute of material fact which would prevent a finding that the officer's actions, with respect to following such clearly established law, were objectively reasonable." Tangwall v. Stuckey, 135 F.4d 510, 515 (7th Cir. 1998). Here, because there exists a disputed material fact-whether Mercado used his radar gun which indicated that Axelrod's speed was 75 mph- that if decided could prevent a finding that the

officer's actions were reasonable, Mercado is not entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, Mercado and Flores's Motion for Summary Judgment is granted in part and denied in part.

ENTER:

George M. Marovich
United States District Judge

DATED: Aug. 9, 2004